IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| EUN O. KIM, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. AW-09-1572 |
| DOUGLAS A. NYCE, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Currently pending before the Court are Parcel K-Tudor Hall Farm, LLC's Motion to Vacate Default Order and Show Cause Order Respecting Imposition of Constructive Trust (Doc. No. 46), Parcel K-Tudor Hall Farm, LLC's Motion to Extend Time to Respond to Show Cause Order Regarding the Imposition of a Constructive Trust (Doc. No. 47), and Plaintiffs' Motion to Amend the Complaint (Doc. No. 45). The Court held a telephonic hearing on the Motion to Vacate on June 3, 2010. For the reasons stated more fully below, the Court will GRANT Parcel K-Tudor Hall Farm, LLC's Motion to Vacate Default Order and Show Cause Order Respecting Imposition of Constructive Trust, DENY AS MOOT Parcel K-Tudor Hall Farm, LLC's Motion to Extend Time to Respond to Show Cause Order Regarding the Imposition of a Constructive Trust, and GRANT Plaintiffs' Motion to Amend the Complaint.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Sunchase Capital Partners XI, LLC ("Sunchase") was organized to acquire and develop 141 acres of unimproved real property in St. Mary's County, Maryland, owned by seller Tudor Hall Farm, Inc. ("Tudor Hall Farm"). On April 6, 2004, Sunchase agreed to pay Tudor Hall Farm $15 million for its farm, with the exception of an eight-acre parcel which was to be sold to

1

Defendant Parcel K-Tudor Hall Farm, LLC, an entity owned eighty percent by Sunchase and twenty percent by Tudor Hall Farm. In recruiting investors to fund this purchase, Sunchase presented a Confidential Summary of Offering ("Offering") to potential investors. Plaintiffs contend that in that document, Defendants promised to return investors' money if Sunchase did not raise the Minimum Offering Price of $7.5 million, and also promised not to buy the property unless it raised the Maximum Offering Price of $15 million. Kim and the other named Plaintiffs in this case purchased Class A Membership Units in Sunchase in amounts ranging from $50,000 to $450,000 from March 3, 2005[1] to July 31, 2005.

On May 2, 2005, Tudor Hall Farm and Sunchase executed a deed transferring Parcel K to Parcel K-Tudor Hall Farm in consideration of $253,200, and Sunchase paid Tudor Hall Farm a total of $3 million towards the purchase price, which monies it had raised through sale of Class A Memberships. To make the purchase possible, Sunchase paid through a Purchase Money Note for $12.5 million, made payable to Tudor Hall Farm, under confessed judgment, that was to mature the following year on May 2, 2006.

From May 2, 2005, to August 2, 2005, Sunchase recruited more investors through subscription forms and the Offering, which retained the promise Sunchase would not purchase the property without securing the Maximum Offering Price. Sunchase raised $3.972 million in this manner after its purchase of the property. This sum was still insufficient to pay off the promissory note, however, and on April 27, 2006, Sunchase sold the Note to Tudor Hall Funding, LLC ("Funding"). Also on April 27, 2006, Funding and Sunchase agreed to modify the loan, extending the maturity date until April 27, 2009, and also agreed to require Sunchase to make interest payments by pre-paying the interest due and payable in full for the period of April 26, 2006, until April 26, 2007.

---

[1] In their Complaint, Plaintiffs allege purchases started in May.

Sunchase failed to make these interests payments, and more than one year later, on August 23, 2007, Tudor Hall Funding foreclosed on the property. Shortly thereafter, on September 10, 2007, Sunchase filed for bankruptcy. In its final order, the Bankruptcy Court Order eliminated the interests of all Class A shareholders in Sunchase. The Order preserved the interests of Class A shareholders in Parcel K, however.

Plaintiffs filed a complaint with this Court on June 15, 2009, against Douglas A. Nyce ("Nyce") and Nyce and Co., Inc., for violating 15 U.S.C. § 78j(b) and 17 C.F.R. 10(b)5; against Nyce, as shareholder and CEO of Sunchase, for secondary liability under Section 20(a) of the Securities and Exchange Act; and against all Defendants for common law fraud and deceit, and for negligent misrepresentation. In this Complaint Plaintiffs request 1) "compensatory damages" of the combined value of their purchase of Class A Membership Units in Sunchase, totaling $3.12 million, plus interest, against Defendants jointly and severally; 2) entry of an order of Court imposing a constructive trust on the property labeled Parcel K; 3) entry of an order of Court directing Defendant Parcel K - Tudor Hall Farm, LLC to transfer all of its right, title and interest in Parcel K to Plaintiffs; and attorney's fees. Defendants were served, but did not respond to the complaint. Thus, the Clerk of Court entered Defendants in default on August 10, 2009. On October 1, 2009, this Court entered default judgment against Defendants Douglas A. Nyce and Nyce and Co., Inc., jointly and severally, in the amount of $3.12 million. Plaintiffs filed a Motion Requesting Issuance of a Show Cause Order Regarding Imposition of Constructive Trust (Doc. No. 42) and Judge Day scheduled a Show Cause hearing on the constructive trust issue for June 10, 2010. On April 23, 2010, Defendant Parcel K-Tudor Hall Farm moved to set aside the default order and vacate the show cause order.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(c) allows a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Because Parcel K-Tudor Hall Farm, LLC ("Parcel K") has been entered in default, but a default judgment has not been issued, the motion to vacate is correctly made pursuant to Rule 55(c) rather than Rule 60(b). *See Wainwright's Vacations, LLC v. Pan Am*, 130 F. Supp. 2d 712, 717 (D. Md. 2001). "Although the Fourth Circuit has not specifically defined 'good cause' in the context of Rule 55(c), it has found that 'an extensive line of decisions has held that [Rule 55(c)] must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Wainwright's*, 130 F. Supp. 2d 717 (quoting *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (internal quotation marks omitted)). Additionally, "'[a] somewhat more lenient standard is applied to Rule 55(c) motions . . . than to Rule 60(b) motions . . ..'" *Wainwright's*, 130 F. Supp. 2d 717 (quoting *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986)). Still, as with a Rule 60(b) Motion, "'a party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default and provide underlying facts in support of a claim of a meritorious defense.'" *Wainwright's*, 130 F. Supp. 2d 718 (citation omitted). Moreover, "the factors used by the Fourth Circuit in evaluating a Rule 60(b) motion–'the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic'"–are helpful guidelines in evaluating a Rule 55(c) motion. *Wainwright's*, 130 F. Supp. 2d 718 (quoting *Palmetto*, 756 F. Supp. at 931)).

## III. ANALYSIS

### 1. Parcel K-Tudor Hall Farm, LLC's Motion to Vacate Default Order and Show Cause Order Respecting Imposition of Constructive Trust

#### a. Reasonable Promptness

Rule 55(c) does not provide a specific time limit for the filing of a motion to set aside an entry of default. Rather, "whether a party has taken 'reasonably prompt' action . . . must be gauged in light of the facts and circumstances of each occasion . . . ." *Moradi*, 673 F.2d at 727. In this case, the affidavits show that Parcel K did not discover the entry of default until after the entry of the March 10, 2010, Show Cause Order. Parcel K moved to set aside the order of default on April 23, 2010, which Parcel K claims was "about 30 days after [it was] served with a copy of the Show Cause Order." (Doc. No. 46 at 13.) Parcel K concedes that Plaintiffs did serve Parcel K in July 2009 by serving its Agent, Co-Defendant Douglas Nyce, but explains that it never received the Complaint because, according to Nyce's affidavit, Nyce mistakenly believed that the three sets of Summons and Complaints he received all related to the claims against him and his company. (Doc. No. 46, Ex. K.) According to the Affidavit of William D. Pleasants, Jr., President of Pleasants Enterprises, the manager of Tudor Hall Funding, LLC, which owns one hundred percent of the membership interest of Parcel K, only after the Court issued the Show Cause Order regarding the imposition of a constructive trust, did Parcel K learn of the suit. (Doc. No. 46, Ex. L.) Plaintiffs have not offered any arguments as to why the Court should consider Parcel K's actions to constitute unreasonable delay. The Court believes that Parcel K acted reasonably quickly and that Parcel K satisfied the promptness requirement.

#### b. Meritorious Defense

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass*

*Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). "All that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727. "Although conclusive proof is not required, neither is 'a bare allegation of a meritorious defense' sufficient. *Wainwright's*, 130 F. Supp. 2d 717-718 (quoting Wagman, 383 F.2d at 252).

To assess the merits of Parcel K's Defense, the Court must examine the legal requirements for showing a need for constructive trust. A constructive trust is an equitable remedy to prevent unjust enrichment of the property holder. "The remedy is applied by operation of law where property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding the title to retain it." *Brown v. Coleman*, 318 Md. 56, 68 (Md. 1989). This remedy assumes the current owner of the property used fraud to acquire the property. Where a Plaintiff alleges fraudulently obtained funds have been mixed with other funds and used to obtain property, "[t]he party seeking to impose a constructive trust must 'establish . . . that his funds can be traced to the account or property over which he seeks to impose a constructive trust.'" *Brown v. Coleman*, 566 A.2d 1091, 1097 (Md. 1989) "The quantum of evidence necessary to establish a constructive trust is clear and convincing, and the burden of establishing this evidence rests with the party seeking to impose the trust." *In re Greenbelt Rd. Second L.P. v. Schlossberg*, No. 94-1522, 1994 U.S. App. LEXIS 30440, at *1-12 (4th Cir. 1994) (citations omitted).

Parcel K argues that Plaintiffs have not shown cause for imposition of a constructive trust. First, Parcel K contends that it did not acquire Parcel K through any fraud-related method, but rather, expressly advised investors, in the Confidential Summary of Offering, that the

investment could be lost. The Court believes that Parcel K has presented sufficient evidence which could permit the Court or a jury to possibly conclude that Parcel K did not engage in fraud. Plaintiffs argue that the gravamen of the fraud charge was that Nyce "misrepresented Sunchase XI's financial strength and resources by stating in the Confidential Summary of Offering that Sunchase XI would not commit investor funds towards the purchase of Tudor Hall Farm until a certain minimum amount of investment capital had been raised." (Doc. No. 48 at 4.) The Court will not resolve the merits of this question at this juncture, but rather merely finds that Parcel K's showings are sufficient to satisfy the requirements to set aside an entry of default. Parcel K shows that the Confidential Summary of Offering "Need for Additional Financing" section contemplates the potential for borrowing of funds to acquire the property. (Doc. No. 49, Ex. A at 12.) That section provides, "The Company may need additional funds to finance the purchase of the Property . . . . The Manager could elect to obtain additional secured financing in the future." *Id.* Parcel K also argues that it had until December 30, 2005, by which to raise the Minimum Offering Price of $7,500,000, and that it did raise that amount by November 15, 2005.

Additionally, Parcel K has shown a meritorious defense in its contention that the express language of the Sunchase/Funding Plan precludes Plaintiffs from seeking a constructive trust by barring either direct or indirect claims against Tudor Hall Funding if the claims could have been brought on behalf of Sunchase's estate. Though Plaintiffs present several strong responses to this argument, the Court believes that Parcel K's showing here is sufficient to allow the Court to set aside the entry of default. Plaintiffs may ultimately succeed in their argument that Article 6.4(a) of the Confidential Summary of Offering does not bar this suit because the Parcel K property was not an asset of the Sunchase XI bankruptcy estate and Parcel K was a non-debtor, against which the Article explicitly permits the assertion of claims. Plaintiffs also forcefully argue that a

7

claim against Parcel K is not an "indirect" claim against Tudor Hall Funding and that the fraud claims could not have been brought against Sunchase XI or the bankruptcy estate "because Sunchase XI was a perpetrator, not a victim, of the fraud alleged in the Complaint." (Doc. No. 48 at 7.) The Court believes that Parcel K has submitted sufficient evidence on this issue to show "good cause" to set aside the entry of default.

Finally, Parcel K offers a third meritorious defense—that Plaintiffs cannot trace funds to the purchase of Parcel K, as is required for imposition of a constructive trust. The Court observes that tracing is a complex issue that requires extensive discovery and gathering of evidence, and agrees with Parcel K, that it has a meritorious defense in its argument that Plaintiff has not shown the funds can be traced to the purchase of Parcel K.

Thus, it appears that Parcel K has proffered sufficient evidence to satisfy the requirement of presenting a meritorious defense. The evidence appears to be sufficient to permit either the Court or the jury to find for the defaulting party. Thus, Parcel K has satisfied this prong of the "good cause" requirement.

**2. Motion to Amend the Complaint**

Plaintiffs move to remove Plaintiff Hong S. Chung from the Complaint, as his name was mistakenly and inadvertently included in this action without his consent. The Motion is unopposed. As this Motion is unopposed, and it seems that a Plaintiff who did not want to be included in the suit should not have to be included, the Court will grant this Motion.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will Court will GRANT Parcel K-Tudor Hall Farm, LLC's Motion to Vacate Default Order and Show Cause Order Respecting Imposition of Constructive Trust, DENY AS MOOT Parcel K-Tudor Hall Farm, LLC's Motion to Extend

Time to Respond to Show Cause Order Regarding the Imposition of a Constructive Trust, and GRANT Plaintiffs' Motion to Amend the Complaint. A separate Order will follow.

|   |   |
|---|---|
| June 7, 2010 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |