**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **EUN O. KIM, *et al*.** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No.: **MAB 09-CV-1572** |
| | * | |
| | * | |
| **PARCEL K-TUDOR HALL FARM, LLC** | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

This case arises out of a constructive trust ("Trust") imposed in favor of Eun O. Kim and other investors ("Plaintiffs") who contributed funds toward the purchase of a parcel of land ("Parcel K") now owned by Parcel K-Tudor Hall Farm, LLC ( "PK-THF" or "Defendant"). The case is before this court on remand from the United States Court of Appeals for the Fourth Circuit, which directed this court to reconsider and, if appropriate, adjust the value of the Trust. After a bench trial on October 20, 2014, the court hereby makes the necessary findings of fact and adjusts the value of the Trust.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2004, Sunchase Capital Partners XI, LLC ("Sunchase"), purchased 141 acres of real property from Tudor Hall Farm, Inc. As part of the overall transaction, a 7.88 acre piece of land, referred to as Parcel K and surrounded by the other acres (except where bordered by water), would be transferred to Defendant PK-THF. To fund the purchase, Sunchase sold Class A Membership shares to Plaintiffs, among other investors. Plaintiffs contributed $3.12 million toward the $15.5 million purchase price. In addition to obtaining title to the 141 acres, Sunchase assumed an eighty percent

interest in PK-THF, and Tudor Hall Farm, Inc. assumed a twenty percent interest. When Sunchase had difficulty paying Tudor Hall Farm, Inc. on the Purchase Money Note, it sought an investment from William D. Pleasants. Through the 2003 Trust of the Descendants of William D. Pleasants, Jr. ("Pleasants Trust"), Pleasants invested $5.315 million in Sunchase in exchange for a Class A membership interest. At the time of this investment, Plaintiff's investment represented twenty-five percent of the funds invested in Sunchase. The Pleasants Trust created Tudor Hall Funding, Inc. to manage its investment in Sunchase. Tudor Hall Funding subsequently bought the Purchase Money Note from Tudor Hall Farm, Inc.

In 2007, Sunchase filed for Chapter 11 bankruptcy. Under the bankruptcy plan, it sold all of the Tudor Hall Farm property to Tudor Hall Funding, Inc. However, PK-THF retained title to Parcel K. The bankruptcy plan allowed Sunchase to assign its eighty-percent membership interest in PK-THF to Tudor Hall Funding. In a separate transaction in 2009, Tudor Hall Funding acquired Tudor Hall Farm's twenty-percent interest in PK-THF for $325,000. Tudor Hall Funding thus became the sole owner of PK-THF.

Plaintiffs brought suit against PK-THF, seeking to impose a constructive Trust on Parcel K because, they alleged, PK-THF came to own the parcel due to Sunchase's fraudulent behavior. The district court granted Plaintiffs' motion for summary judgment and imposed a constructive trust. *Kim v. Nyce*, 807 F. Supp. 2d 442 (D. Md. 2011). Applying a "proportionality approach" to calculate the value of the Trust, the court determined that the value should be based on the percent that Plaintiffs contributed toward the purchase price of the 141 acres of land. *Id.* at 457-58. Because Plaintiffs

had contributed $3.12 million to the $15.5 million deal, or about twenty percent, the court set the Trust's value at approximately twenty percent of Parcel K's value as of May 2005. *Id.* Absent direct evidence regarding the value of Parcel K, the court relied on the consideration recited in the Parcel K deed as the "best evidence" of Parcel K's purchase price. *Id.* The court thus set the value of the Trust at $50,640, which reflects approximately twenty percent of the $253,200 value recited on the Parcel K deed. *Id.*

Plaintiffs and Defendant appealed the court's decision. *See Kim v. Parcel K-Tudor Hall Farm LLC*, 499 F. App'x 313 (4th Cir. 2012) (per curiam). Defendant challenged the court's decision to impose a Trust, while Plaintiffs challenged the court's use of the proportionality approach and the court's decision regarding the value of the Trust. The Fourth Circuit affirmed the court's decision to impose a Trust and the use of the proportionality approach to calculate the Trust's value. *Id.* at 317-18. However, it remanded for further consideration of "(1) whether $253,200 is the appropriate purchase price to use when calculating the trust's value and (2) whether the trust should equal twenty percent of the purchase price of Parcel K." *Id.* at 317. Specifically, the Fourth Circuit found that two potential numbers existed concerning Parcel K's value. *Id.* at 318 The land's deed indicated that Parcel K was worth $253,200, while the Operating Agreement governing PK-THF indicated that Parcel K's fair market value was $1 million "for all purposes." *Id.* at 317-18 (quotation marks omitted). Likewise, the Fourth Circuit found evidence suggesting that two different percent values could be used to calculate Plaintiffs' proportional investment in Parcel K. *Id.* at 319. Whereas the district court calculated the Trust based on Plaintiffs' twenty percent capital contribution toward the land deal, Plaintiffs' twenty-five percent Class A membership interest in Sunchase could

serve as an alternative basis for calculating their interest in Parcel K. *Id.* The Fourth Circuit concluded that the existence of two numbers for calculating Parcel K's value and Plaintiffs' percent interest in that value should have precluded the district court from granting summary judgment on those issues. *Id.* at 318-19.

After remand, Plaintiffs and Defendant submitted additional evidence on the value of Parcel K. Plaintiffs submitted an expert report from a professional real estate appraiser, C. Jane Gatewood, valuing Parcel K at $1.4 million in May 2005, when Defendant acquired it. (*See* Pls.' Mot. Summ. J. 1-2 and Ex. A; *see also* Def.'s Resp. 6.) Defendant submitted deposition testimony of William D. Pleasants, a hybrid fact and expert witness, who valued Parcel K at $253,200 in 2005, based on the tax assessment recited in the property's deed. (*See* Pls.' Mot. Summ. J. 3; *see also* Def.'s Resp. 11.) The court denied summary judgment based on the new evidence, concluding that genuine issues of material fact remained about the value of, and Plaintiffs' percent interest in, the property. *Kim v. Nyce*, No. 09-cv-1572 (D. Md. July 1, 2014).

The court held a bench trial on October 20, 2014 to hear evidence as to the proper valuation of Parcel K and the proportion of that value that should be assigned to Plaintiffs under the Trust. Plaintiffs' expert witness, Ms. Gatewood, testified that the value of Parcel K in 2005 was $1.2 million, a figure that she revised down from that offered in her expert report to reflect that the parcel could not be easily developed independent of neighboring parcels. (Trial 10:50-10:57.) Mr. Pleasants testified that Parcel K was worth $253,200 in 2005, based on the value stated on the deed, which in turn was based on a tax assessment of the land. (Trial 14:50-14:51, 15:00-15:02.) Though he acknowledged that a tax assessment does not necessarily reflect the value

of the property, (Trial 15:02 - 15:03), he testified that it more accurately reflected fair market value in this case than Ms. Gatewood's assessment, which he believed underestimated the difficulties of developing the parcel. (Trial 14:33-14:42, 14:51-14:52.) Mr. Pleasants further testified that the $1 million fair market value of Parcel K stipulated in the Operating Agreement for PK-THF did not accurately reflect the fair market value for the purposes of this case. (Trial 15:13-15:16.) He acknowledged that the Operating Agreement for PK-THF stipulated that Parcel K was worth $1 million "for all purposes," that it was an arms-length transaction, and was contemporaneous with Plaintiffs' investment in the Tudor Hall Farm land. (Trial 15:13-15:15.) He indicated, however, that the Operating Agreement entailed a complex transaction in which Tudor Hall Farm, Inc. contributed Parcel K, valued at $1 million, and was entitled to receive that value back, plus eight percent interest. (Trial 15:14-15:16.) As a result, Mr. Pleasants stated that he did not believe the Operating Agreement's stipulation of the land's fair market value was accurate, and that the actual value of the land was less. (Trial 15:14- 15:16.)

**FINDINGS OF FACT**

Having considered the aforementioned evidence, the court makes the following findings of fact, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure:

1. The parties have stipulated that the relevant date for valuing Parcel K for the purpose of this case is May 5, 2005. They also have stipulated that Plaintiffs held an approximate twenty-five percent Class A Membership Interest in Sunchase and had invested approximately 20.129 percent of the purchase price of the land from Tudor Hall Farm.

2. Based on the evidence presented at trial, the court concludes that the $253,200 figure recorded in Parcel K's deed does not reflect the fair market value of the land in May 2005. This figure was based on a tax assessment, which the parties agree does not necessarily reflect fair market value.

3. The court further concludes that Parcel K was worth $1 million in May 2005, finding the fair market value stipulated in PK-THF's Operating Agreement to be convincing evidence of the land's value. Entered into as part of an arms-length transaction and contemporaneous with Sunchase's purchase of Parcel K, the Operating Agreement stipulates that Parcel K's fair market value would be set at $1 million "for all purposes." (Def. Ex. 8 at 3.2 & Ex. A.) That the Agreement promised Sunchase would receive the $1 million plus eight percent interest back suggests, if anything, that $1 million represents a conservative assessment of the parcel's fair market value. Further, this number is consistent with the price per acre that Sunchase paid for the 141 acres as a whole. Sunchase paid approximately $106,383 per acre[1] for the Tudor Hall Farm parcels, and the $1 million figure for Parcel K equates to $126,904 per acre.[2] The $1 million figure also is corroborated by the $1.2 million valuation that Ms. Gatewood provided in her expert testimony, which the court finds credible. The price that Tudor Hall Funding paid in 2009 to obtain Sunchase's twenty percent interest in PK-THF, which had title to Parcel K, provides further context for the value of the land in 2005. In 2009, four years after the land had been severed from the other Tudor Hall Farm

---

[1] The court determined the price per acre by dividing the $15.5 million purchase price of the Tudor Hall Farm land by its 141 acres.

[2] The court determined the price per acre by dividing the $1 million value of Parcel K by its 7.88 acres.

acreage, Tudor Hall Funding paid $325,000 for a twenty percent stake in PK-THF. This price extrapolates to a $1.625 million value for Parcel K at that time. (Trial 14:26-14:28.) This number lends support to the court's conclusion that the value of Parcel K is more accurately represented by the $1 million value in the Operating Agreement, and not the $253,200 that Defendant suggests.

4. The court further concludes that the amount of the Trust should be set at twenty percent of Parcel K's May 2005 value. Though Plaintiffs held a twenty-five percent Class A Membership interest in Sunchase, this interest does not bear a sufficiently direct relationship to their investment in Parcel K to form the basis for calculating the Trust's value. Plaintiffs contributed $3.15 million toward the $15.5 million purchase of the 141 acres through the purchase of Class A Membership interests in Sunchase. This contribution equates to an approximate 20.129 percent investment in the land, including Parcel K. In contrast, their twenty-five percent Class A Membership interest derives, not simply from their purchase of Class A Membership interests, but also from Sunchase's subsequent issuance of membership interests to the Pleasants Trust and to Sunchase's inability to obtain additional investors.

5. On the basis of these findings of fact, the court finds that the value of Plaintiffs' Trust is $201,290.32. This value reflects the Plaintiffs' 20.129 percent financial contribution applied to the $1 million value of Parcel K in May 2005.

## CONCLUSION

Considering all of the above, the court determines that the constructive trust on Parcel K shall be valued at $201,290.32. An order will follow.

/s/
Mark A. Barnett, Judge
United States Court of International Trade
(sitting by designation)

Date: November 20, 2014