IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **EUN O. Kim,** *et al.* | * | |
| *Plaintiffs,* | | |
| | * | |
| | | **Case No.: 09-cv-1572-PWG** |
| **v.** | * | |
| | | |
| **PARCEL K-TUDOR HALL FARM, LLC,** | * | |
| *Defendant.* | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Pending before me are Defendant Parcel K-Tudor Hall Farm, LLC's ("PKTHF") Motion to Reopen Case, ECF No. 185, and its Motion for Authority to Transfer Parcel K ("Motion to Transfer"), ECF No. 186. The Motions are fully briefed and no hearing is necessary. For the reasons explained below, PKTHF's Motion to Reopen Case is GRANTED and its Motion to Transfer is GRANTED in part and DENIED in part.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are complicated and span well over a decade. For the purposes of resolving this Motion, I will endeavor to provide a concise summary that provides only the context necessary to address the issues currently before me.

The Plaintiffs in this case are individual investors who "purchased Class A Membership Units in Sunchase Capital Partners XI, LLC [("Sunchase")], a Maryland limited liability company established for the purpose of acquiring and developing approximately 141 acres of unimproved real property . . . commonly known as 'Tudor Hall Farm.'" Compl. ¶ 1. "Pursuant to an agreement

1

of sale dated April 6, 2004, Sunchase agreed to purchase the Property from Tudor Hall Farm, Inc. for $15,000,000. The sale agreement provided, among other things, that Sunchase would acquire title to all of the Property, except Parcel K, which would be titled in the name of" PKTHF. *Id.* ¶ 26. At the time, PKTHF was owned 80% by Sunchase and 20% by Tudor Hall Farm, Inc., the property seller. *Id.* Sunchase followed through with the agreement and purchased Tudor Hall Farm (except Parcel K) despite having secured only a fraction of the funds it needed from investors. *Id.* ¶ 35. Ultimately, following a series of unfortunate events that are detailed in the Complaint, "Sunchase filed a voluntary petition under chapter 11 of the Bankruptcy Code." *Id.* ¶¶ 26–44. Under the resulting confirmed chapter 11 plan, "equity interests of the Class A Members of Sunchase, including Plaintiffs, were eliminated." *Id.* ¶ 44.

The Plaintiffs filed their Complaint in this action on June 15, 2009, seeking, among other relief, the imposition of a constructive trust in connection with Parcel K on the theory that funds used to purchase Parcel K were obtained from Plaintiffs "by means of fraud, misrepresentation, or other improper conduct." *Id.* ¶ 78. The parties filed cross-motions for summary judgment, and the Court granted the Plaintiffs' motion, denied the Defendant's, and ordered the Plaintiffs to "submit a proposed order respecting the issuance of a constructive trust consistent with [the Court's] opinion." ECF No. 82. Ultimately, the Court entered the following Order imposing a constructive trust in the amount of $50,640:

> ORDER that constructive trust be and is imposed in favor of Plaintiffs on certain real property in St. Mary's County, Maryland; that Parcel K Tudor Hall Farm LLC, Defendant, shall hold legal title to the Property in trust for the use and benefit of Plaintiffs; that the constructive trust imposed on the Property shall constitute a lien on the Property in the amount of $50,640; and that Parcel K Tudor Hall Farm LLC, Defendant be and is enjoined and prohibited from transferring, conveying, assigning, or encumbering the Property.

ECF No. 95.

Both parties appealed this Court's decision to the Fourth Circuit. *See* ECF 104-1, 4th Cir. Op. The Defendants argued that the Court erred by imposing a constructive trust at all. *Id.* And the Plaintiffs argued *first* that the Court erred in its decision to use PKTHF's proposed "proportionality approach" to determine the value of the constructive trust, and *second* that it erred in its decision to determine the trust's value on summary judgment. *Id.* The Fourth Circuit affirmed this Court's decision to impose a constructive trust, as well as its decision to use the proportionality approach, but it agreed with the Plaintiffs that the "district court erred in determining Parcel K's value on summary judgment," and that it erred in determining the value of the constructive trust when there was "a genuine dispute of material fact regarding whether the Investors contributed twenty or twenty-five percent of Parcel K's purchase price." *Id.* at 15. On remand, following discovery and a one-day bench trial, this Court concluded in its November 20, 2014 Memorandum Opinion "that the value of Plaintiffs' Trust is $201,290.32," which "reflects the Plaintiffs' 20.192 percent financial contribution to the $1 million value of Parcel K in May 2005. ECF No. 154, Mem. Op. at 7.

Now, nearly eight years later, PKTHF seeks the Court's authority to transfer Parcel K to the Town of Leonardtown, Maryland, in connection with "an agreement with the Commissioners of the Town of Leonardtown (the 'Town')." Motion to Transfer at 4. PKTHF explains the proposed "Land Swap Agreement" as follows: "Pursuant to the Land Swap Agreement, Tudor Hall Funding and PKTHF have agreed to transfer certain portions of their land to the Town in exchange for the Town agreeing to transfer certain portions of its land to Tudor Hall Funding. . . . Pursuant to the Land Swap Agreement, PKTHF has agreed to transfer Parcel K to the Town. PKTHF must transfer Parcel K to the Town on or before August 7, 2022." *Id.*

In order to go forward with the Land Swap Agreement, PKTHF proposes to pay the Plaintiffs the value of the constructive trust (less property taxes that PKTHF has previously paid by agreement), and asks that the Court authorize the transfer of Parcel K to the Town upon such payment. *Id.* The Plaintiffs do not agree with this approach for two reasons. ECF No. 191, Opp. to Motion to Transfer. *First*, the Plaintiffs claim that they are entitled to post-judgment interest on the value of the constructive trust in the amount of $2,809.71. *Id.* at 4–5. *Second*, the Plaintiffs contend that they in fact have two separate interests in Parcel K—an "equitable lien" in the amount of $201,290.32, and a "20.129% equitable ownership interest in Parcel K" that is "separate and distinct from the equitable lien." *Id.* at 5.

Additional facts will be supplied below as needed.

## DISCUSSION

The parties have very different ideas regarding what the Court actually awarded the Plaintiffs when it imposed a constructive trust valued at $201,290.32. The Plaintiffs claim that in so doing, the Court awarded them an "equitable lien" in the amount of $201,290.32, *and* that the Court separately awarded them with a 20.192% ownership interest in Parcel K. *Id.* The Defendants, on the other hand, argue that the Court "simply imposed a constructive trust lien with a value of $201,290.312." ECF No. 192, Reply at 6. In PKTHF's view, the constructive trust "constitute[s] a lien, on Parcel K" and that PKTHF need only pay the Plaintiffs that amount (less property taxes already paid) in order to clear that lien and transfer Parcel K pursuant to the terms of the Land Swap Agreement. *Id.* In PKTHF's view, that payment would end the matter. *Id.* My review of the record indicates that both parties are incorrect.

The parties' dispute seems to arise, at least in part, from the Court's November 3, 2011 Memorandum Opinion, which termed the remedy it imposed a "constructive trust lien." *See* ECF

4

No. 94. Both parties appealed that decision, and the Plaintiffs questioned the meaning of that novel term in the Fourth Circuit. The Fourth Circuit determined, by imposing a "constructive trust lien," the district court simply meant to determine the *value* of the constructive trust:

> The district court referred to this amount as the "constructive trust lien." The Investors suggest that this terminology is "internally inconsistent" because a party cannot have the "unlimited ownership interest" that a constructive trust provides and have a lien valued at less than that amount. **The district court was presumably determining the value of the constructive trust, which at least one other court has allowed**. *See generally Pike v. Commodore Motel Corp.*, Civ. A No. 940, 1989 WL 57026 (Del. Ch. May 25, 1989). **To mirror the terminology that other courts have employed, we refer to the 'value' or 'amount' of the trust rather than a 'constructive trust lien.'**

ECF 104-1 at 8 n. 2 (emphasis added). In other words, as determined by the Fourth Circuit, this Court did not impose a lien on Parcel K at all—it imposed a constructive trust, and determined its value. The Fourth Circuit's conclusion is wholly consistent with the reasoning in this Court's November 3, 2011 Opinion, and it governs in the resolution of the pending Motion to Transfer. *See Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) ("The law-of-the-case doctrine recognizes that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

The Maryland Court of Appeals has explained that "a constructive trust is the remedy employed by a court of equity to convert the holder of the legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property. The remedy is applied by operation of law where property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding the title to retain it. The purpose of the remedy is to prevent the unjust enrichment of the holder of the property." *Wimmer v. Wimmer*, 414 A.2d 1254, 1258 (Md. 1980). A constructive trust gives *title* to the party for whom it is awarded, it does not merely create a security

5

interest in the manner of an equitable lien. *See Stewart Title Guar. Co. v. Sanford Title Servs., LLC*, No. CIV.A. ELH-11-620, 2011 WL 2681196, at *4 (D. Md. July 8, 2011) (citing 1 DOBBS, § 4.3(3), at 601).

Accordingly, because the Plaintiffs have a partial ownership interest in Parcel K, PKTHF cannot simply pay the Plaintiffs the amount of the constructive trust and thereby extinguish the Plaintiffs' interest in the property, as if it were purely a monetary lien.[1] And for that reason, PKTHF's request that this Court enter an order that will "clear" the "constructive trust lien" by paying the Plaintiffs the value of the constructive trust is DENIED.

That said, the Plaintiffs are also incorrect in their contention that the Court imposed an "equitable lien" on Parcel K on November 3, 2011, and separately awarded the Plaintiffs a 20.129% equitable ownership interest in Parcel K. The record does not indicate that the Court awarded the Plaintiffs *either* of those remedies. The term "equitable lien" does not appear anywhere in the Court's November 3, 2011 Order. *See* ECF Nos. 94 & 95. And the Court's reference to the Plaintiffs' "20.192 percent financial contribution" to the purchase of Parcel K is in the context of the Court making its determination on remand that the value of the constructive trust, consistent with that contribution, is $201,290.32. ECF No. 154 at 7–8. In short, the Court imposed a constructive trust on Parcel K, which it valued at $201,290.32, and that is the sole interest that the Plaintiffs have in that property.

In their Opposition to PKTHF's Motion to Transfer, the Plaintiffs noted that they "do not oppose the transfer of Parcel K . . . *provided* that this Court impose a proportionate and equivalent constructive trust on the 39.1 developable acres which Tudor Hall Funding will acquire in the

---

[1] PKTHF appears to acknowledge as much in its Motion to Transfer, noting that the "trust is not a 'money judgment.'" Motion to Transfer at 5.

proposed land swap with the Town of Leonardtown." Opp. to Motion to Transfer at 6. There is support in the law of multiple jurisdictions for transferring a constructive trust to other property held by a defendant in the event that the original property is sold. *See* George G. Bogert et al., The Law of Trusts and Trustees § 471 ("If the property has been sold, the trust attaches to the proceeds held by the defendant or to other property held by the defendant into which the original property or its proceeds can be traced.") (collecting cases). Accordingly, PKTHF's Motion for Authority to Transfer Parcel K under the terms of the Land Swap Agreement is GRANTED. Upon PKTHF's acquisition of the 39.1 acres from the Town under the Land Swap Agreement, a constructive trust shall be imposed on that property, which shall be valued at $201,290.32.

## CONCLUSION

For the reasons explained above, PKTHF's Motion to Reopen Case is GRANTED, and its Motion for Authority to Transfer is GRANTED IN PART and DENIED IN PART.

**ORDER**

For the reasons outlined in the foregoing Memorandum Opinion, it is hereby ORDERED that:

1. Parcel K – Tudor Hall Farm, LLC's, Motion to Reopen Case, ECF No. 185, is GRANTED;

2. Parcel K – Tudor Hall Farm, LLC's, Motion for Authority to Transfer Parcel K, ECF No. 186, is GRANTED IN PART and DENIED IN PART;

3. Parcel K – Tudor Hall Farm, LLC, is authorized to transfer Parcel K pursuant to the terms of the Land Swap Agreement;

4. Upon execution of the Land Swap Agreement, a constructive trust, valued at $201,290.32, shall be imposed on the 39.1 acres of property Parcel K – Tudor Hall Farm, LLC acquires from the Town of Leonardtown under the terms of the Land Swap Agreement.

Dated: <u>August 1, 2022</u>                                    <u>        /S/             </u>
                                                                                                Paul W. Grimm
                                                                                                United States District Judge